The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion regarding Act 673 of 1991, which is codified at A.C.A. §§ 6-17-306, 21-4-102, and 21-4-212 (Cum. Supp. 1991). Your specific question pertains to Section 2 of the act, codified at § 21-4-102 (Cum. Supp. 1991). You state that it was your understanding that Section 2 would provide that any employee of the political subdivisions of the state would be entitled to 15 days' pay for participation in military duty. Your question is whether the act pertains to employees of a city of the first class who are in temporary military services.
Section 2 of Act 673 amended § 21-4-102 to state, in pertinent part, that:
 [a]ll employees . . . of any of [the state's] political subdivisions who desire to take a leave of absence for the purpose of participating in the military training programs made available by the National Guard or any of the reserve branches of the armed forces . . . shall be entitled to such a leave of absence for a period of fifteen (15) days plus necessary travel time for annual training requirements or other duties performed in an official duty status in any one (1) calendar year. [Emphasis added.]
In response to your question, therefore, it seems clear that the act includes employees of a city of the first class who are in temporary military services in the National Guard or any of the reserve branches, as long as the services in question constitute "annual training requirements or other duties performed in an official duty status."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh